IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CASSIUS JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:13-CV-440-CSC |
| | ) | (WO) |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. Introduction.**

The plaintiff, Cassius Jones, applied for disability insurance benefits pursuant to Title

II of the Social Security Act, 42 U.S.C. § 401 et seq. and for supplemental security income

benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that

he was unable to work because of a disability. His application was denied at the initial

administrative level. Jones then requested and received a hearing before an Administrative

Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals

Council rejected a subsequent request for review. The ALJ's decision consequently became

the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v.*

*Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review

---

[1]Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3).[2]  Based on the court's review of the record

in this case and the briefs of the parties, the court concludes that the decision of the

Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months.

To make this determination[3] the Commissioner employs a five step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative
> answer to any question, other than step three, leads to a determination of "not
> disabled."

---

[2]Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[3]A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th  Cir. 2004).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).  The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

---

[4]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

### III.  The Issues

**A.  Introduction.**  Jones was 36 years old at the time of the hearing before the ALJ and has a 9th grade education.  (R. 39-40).  Jones's prior work experience includes work as an unskilled laborer and packing line worker.  (R. 55).  Following the administrative hearing, the ALJ concluded that Jones has severe impairments of degenerative joint disease of the right hip, history of hypertension, diabetes mellitus, and borderline intellectual functioning (R. 24).  The ALJ concluded that Jones was not disabled because he has the residual functional capacity to perform jobs that exist in significant numbers in the national economy. (R. 29-30).

**B.  The Plaintiff's Claims.**  As stated by the plaintiff, his claims are

1. The Commissioner's decision should be reversed because the ALJ's residual functional capacity assessment is not supported by the evidence of record;

2. The Commissioner's decision should be reversed because the ALJ failed to properly apply the two-part "pain standard" established by the Eleventh Circuit; and

3. The Commissioner's decision should be reversed because the ALJ did not properly evaluate Jones's credibility.

(Doc. 12 p. 3).

### IV.  Discussion

A disability claimant bears the initial burden of demonstrating an inability to return to his past work.  *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990).  In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1)

objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and his family or friends; and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983). The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981). The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added). Within this analytical framework, the court will address the plaintiff's claims.

## A.  Substantial Evidence Supports the ALJ's Decision to Give Little Weight to Dr. Banner's Residual Functional Capacity Assessment.

The ALJ found that Jones

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he cannot climb ladders or scaffolding and he must avoid working at unprotected heights. Further, his borderline intellectual functioning limits him to following short, simple and routine tasks and to concentrating for two hour periods, and limits him to jobs that involve gradual changes in the workplace.

(R. 27).

20 CFR §§ 404.1567(b) and 416.967(b) define "light work" as follows:

5

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 CFR §§ 404.1567(b) & 416.967(b).

In conjunction with a September 15, 2011 consultative examination, Dr. Sam Banner completed an RFC assessment in which he opined that Jones could lift, at most, no more than 10 pounds occasionally, could sit two hours at a time and eight hours total during a work day, could stand no more than 1 hour in a work day and no more than 15 minutes at a time, could walk no more than three hours in a work day and no more than 15 minutes at a time, and could occasionally operate foot controls, and could frequently us his hands to reach, handle, finger, feel, push, and pull.  (R. 352-54).  Dr. Banner also opined that Jones could occasionally balance and climb stairs and ramps, but could never climb ladders or scaffolds, stoop, kneel, crouch, or crawl, and that he could never be exposed to extreme temperatures or unprotected heights.  (R. 355-56).

Jones argues that the ALJ's residual functional capacity (RFC) assessment is a product of legal error and is not supported by substantial evidence because, in formulating Jones's RFC, the ALJ expressly gave "little weight" to the RFC assessment completed by Dr. Banner in conjunction with a September 15, 2011 consultative examination.  After specifically

considering the medical evidence of record, the ALJ stated:

> As for the opinion evidence, only Dr. Banner provided any opinion concerning the claimant's functional limitations. On a form he completed, Dr. Banner indicated the claimant could not lift and carry objects weighing over 10 pounds, and he could not stand for more than one hour, or walk for more than three hours, during a workday. Dr. Banner also indicated the claimant could only occasionally use his lower extremities for operating foot controls and that he could not climb ladders or scaffolds, stoop, kneel, crouch or crawl. He opined the claimant could only occasionally climb stairs or ladders and he could only occasionally balance. Dr. Banner further indicated the claimant would have environmental limitations and could not work at unprotected heights, or in areas of extreme heat or cold. That form was completed following the consultative examination of September 15, 2011, and it is given little weight because it is inconsistent with the specific examination and x-ray findings detailed in the narrative report, which were basically normal except for slight reductions of motion of the claimant's hip and knee and some reflex losses.

> In sum, the [ALJ's] residual functional capacity assessment is supported by the claimant's history of treatment since the alleged onset date, which shows that he primarily sought treatment for dental problems. It is further supported by the specific narrative report from Dr. Banner, which described essentially normal findings, noting only slight loss of hip and knee motion and some reflex changes. The x-rays described mild or minimal lumbar changes but the overall impression was the claimant had a normal lumbar spine. The Administrative Law Judge affords greater weight to the narrative report from Dr. Banner in determining the claimant's residual functional capacity.

(R. 28-29).

Jones argues that Dr. Banner's RFC assessment is a medical opinion by an examining physician, and that the ALJ failed to follow the correct legal standard by substituting her own "medical opinion" in place of Dr. Banner's RFC assessment. *See Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir 1982) ("An administrative law judge may not arbitrarily reject uncontroverted medical testimony."). A medical source statement regarding a claimant's

7

RFC is evidence that must be considered, along with all relevant evidence, in the ALJ's RFC assessment.   20 CFR § 416.929(c)(1)&(d); 20 CFR § 404.1545(a)(1),(3); 20 CFR § 404.1527(d).  However, unlike Dr. Banner's narrative report of the consultative examination and X-ray findings, Dr. Banner's RFC assessment is not a "medical opinion," but an opinion on an issue reserved to the Commissioner, and it is not entitled to any special significance.  20 C.F.R. § 416.927(d); 20 CFR § 404.1527(d).  Thus, contrary to Jones's argument, the ALJ is not only entitled to "substitute" her own judgment in place of an examining physician's RFC assessment, but she is *required* to independently consider all the evidence and exercise the "final responsibility" for determining that issue.  20 C.F.R. § 416.927(d); 20 CFR § 404.1527(d); *Green v. Soc. Sec. Admin.*, 223 Fed. Appx. 915, 923, 2007 WL 1265988, 6 (11th Cir. 2007) ("Although a claimant may provide a statement containing a physician's opinion of her remaining capabilities, the ALJ will evaluate such a statement in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ.").

Jones argues that the ALJ's decision to afford little weight to Dr. Banner's RFC assessment is not supported by the evidence because "the ALJ's explanation fails to account for the . . . imaging taken of [Jones's] thoracic spine and hips."  (Doc. 12 p. 7).  However, the ALJ did expressly account for the imaging of Jones's thoracic spine and hips.  Specifically, the ALJ found that Dr. Banner's RFC assessment was "inconsistent with the specific examination and x-ray findings detailed in the narrative report, which were basically

normal except for slight reductions of motion of the claimant's hip and knee and some reflex losses," and that "[t]he x-rays described mild or minimal lumbar changes but the overall impression was the claimant had a normal lumbar spine." (R. 29).

Jones also argues that the ALJ's decision is not supported by the evidence because she failed to credit Dr. Banner's opinion that Jones's gait was inhibited and his opinion that Jones likely required further orthopedic treatment. (Doc. 12 p. 7). However, the ALJ did specifically consider this evidence. The ALJ observed that "Dr. Banner noted the claimant's complaints, and that he was having difficulty with his gait because of [an] infected toe," which "was a temporary impairment." (R. 25; R. 348-49). Further, Dr. Banner's generic statement that "Jones needs continued orthopedic care," without more, does not contradict either the ALJ's RFC assessment or her decision to afford little weight to the RFC assessment of Dr. Banner. Throughout her opinion, the ALJ recognized that Jones suffered from orthopedic problems, and she accounted for those medical conditions in formulating his RFC.

Jones also argues that, because the ALJ concluded that Dr. Banner's RFC assessment was inconsistent with his own narrative report of the examination and the accompanying X-rays, the ALJ was required to recontact Dr. Banner to resolve inconsistency. In support of his argument that the inconsistency in the evidence required further development of the record, Jones cites *Johnson v. Barnhart*, 138 Fed. Appx. 266 (11th Cir. 2005). However, not every inconsistency in the evidence requires further development of the record. In *Johnson*,

the court held that an ALJ must seek clarification or recontact physicians when an inconsistency exists that cannot be resolved on the basis of the evidence *and* the ALJ cannot make a disability determination without resolving the inconsistency.  138 Fed. Appx. at 270-71 (citing 20 C.F.R. § 404–1512(e)[5]).  Here, the ALJ resolved the inconsistency on the basis of the record before her by determining that Dr. Banner's RFC assessment was "inconsistent with the specific examination and x-ray findings detailed in [his own] narrative report, " and the ALJ gave greater weight to the narrative report Dr. Banner's report and X-ray findings in formulating Jones's RFC.  (R. 29).  This was a perfectly acceptable way of resolving the inconsistency on the basis of the record without recontacting Dr. Banner.  *See Johnson*, 138 Fed. Appx. at 270 (holding that "the ALJ may have properly rejected [the treating physician's] RFC evaluation . . . as it was inconsistent with his own progress notes").

Accordingly, the ALJ applied the correct legal standards and relied on substantial evidence in support of her decision to accord little weight to Dr. Banner's RFC assessment.

**B.    The ALJ Applied the Proper Legal Standard When Evaluating Jones's Subjective Pain Testimony**.

An ALJ "must consider a claimant's subjective testimony of pain if she finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the

---

[5] Moreover, the court notes that  20 C.F.R. § 404.1512(e) was repealed effective March 26, 2012. 77 F.R. 10655, 10656. Currently, 20 C.F.R. § 404.1520b(c) (eff. March 26, 2012, see 77 FR 10651–01) provides that where a disability determination cannot be reached due to an inconsistency in an underdeveloped administrative record, the Commissioner has the discretion to determine how to resolve the inconsistency and "may" choose to do so by recontacting a treating physician.

severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). "If the ALJ refuse[s] to credit subjective pain testimony where such testimony is critical, he must articulate specific reasons for questioning the claimant's credibility." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). "[T]he ALJ may reject [the claimant's complaints of pain] as not creditable, and that determination will be reviewed for substantial evidence." *Id*.

Jones argues that the ALJ failed to determine whether "(1) objective medical evidence to confirm the severity of the alleged pain arising from" Jones's complaints of pain, "or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain." *Foote*, 67 F.3d at 1560. However, the ALJ *did* specifically consider those issues and resolved them in Jones's favor. "After careful consideration of the evidence, and to afford the claimant the benefit of any doubt," the ALJ found that Jones's "medically determinable impairments *could* reasonably be expected to cause a degree of the alleged symptoms." (R. 28 (emphasis added)). The ALJ then proceeded to consider and articulate specific reasons for discrediting some of Jones's subjective complaints of pain. (R. 28). Thus, the ALJ did apply the proper standard when evaluating Jones's subjective complaints of pain. *Foote*, 67 F.3d at 1560; *Marbury*, F.2d at 839.

**C.   Substantial Evidence Supports the ALJ's Findings Regarding The Credibility of Jones's Subjective Complaints of Pain**

11

At step one of the five-step sequential evaluation process, the ALJ found that Jones had the following severe impairments: degenerative joint disease of the right hip, history of hypertension, diabetes mellitus, and borderline intellectual functioning. (R. 24). Subsequently, in determining Jones's residual functional capacity (RFC), the ALJ considered Jones's subjective complaints of pain due to these severe impairments as well as other alleged impairments.   20 CFR § 416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity."). The ALJ noted that Jones made subjective complaints of disability due to a "dislocated hip, back pain, high blood pressure, seizures, and a right leg problem."  (R. 27-28).   The ALJ further noted that, at the administrative hearing, Jones

> alleged back pain, vision problems, dizziness, shortness of breath, and pain in his hands as limiting impairments. The claimant also alleged one seizure, six months prior to the hearing, and further alleged he had no seizures when he took his seizure medications. The claimant estimated he could walk for 15 minutes, stand for 20 minutes, and sit for 30 minutes at one time. He stated that he would spend four to five hours a day with his leg elevated to alleviate some of his pain, and at times he would soak his feet and ru[b] them with alcohol to keep down swelling. He stated that moving too fast would make him dizzy.

(R. 27).

After determining that Jones's medically-determinable impairments could reasonably be expected to cause a degree of the alleged symptoms, the ALJ considered the credibility of those complaints and articulated specific reasons for rejecting them. *See  Foote*, 67 F.3d

at 1560 (holding that an ALJ "must consider a claimant's subjective testimony of pain if she finds evidence of an underlying medical condition, and . . . that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain."); *Marbury*, 957 F.2d at 839 (holding that, "[i]f the ALJ refuse[s] to credit subjective pain testimony where such testimony is critical, he must articulate specific reasons," supported by substantial evidence "for questioning the claimant's credibility").  Specifically, the ALJ articulated the following reasons for concluding that certain of Jones's subjective complaints were not credible:

> In terms of the claimant's alleged need to elevate his leg several hours a day, no medical evidence suggests any need for such periods of leg elevation, and nothing in the medical records supports that allegation. The activities described in his written report and in his testimony are consistent with a range of light work, not with the extensive period of sitting with his leg eleva1ed he described. His described activities are also inconsistent with his allegation of back pain rated at a level of 9 out of 10. The record shows the claimant has sought treatment for tooth and jaw problems, but not for back or hip pain, or for seizures, symptoms of high blood pressure, or symptoms of diabetes. Although the claimant alleged lack of funds to pay for medical care, he has sought and received treatment at an emergency room on several occasions, but not for any of his alleged disabling impairments. No specific episode of back or hip pain has been treated since his alleged onset date, no seizure has been described in the medical record, no symptoms of high blood pressure or diabetes mellitus have been treated. The claimant testified that his seizures were controlled with medications, and further testified that he had been prescribed medications for his blood sugar, seizures, and his musculoskeletal pain. He noted that his pain and seizures were controlled with medications and, as noted above, neither his musculoskeletal pain nor any seizures were documented since his alleged onset date. The claimant's allegations of blurry vision were not supported by any medical evidence. The claimant underwent hip surgery in the remote past, but he requires no current treatment, other than medications, for any impairment. His allegations of elevating his leg were not supported by any medical evidence. The claimant's allegations of disability are

13

inconsistent with his medical history and are inconsistent with the specific examination findings of record. His allegations of disability are not credible.

(R. 28).

Jones argues that the ALJ inaccurately stated the record when she found that he had not sought medical care or emergency room care for back or hip pain, seizures, or symptoms of high blood pressure or diabetes. Jones argues that he "did present to the emergency room with complaints of back pain on at least one occasion." (Doc. 12 p. 13). The ALJ did state that, "[o]n January 13, 2010, the claimant was seen for a toothache, back pain, and an abdominal virus." (R. 25). However, on January 13, 2010, Jones was not diagnosed with or treated for back pain, but only for dental carries and diarrhea. (R. 281-82). As the ALJ explained regarding this treatment record:

> The medical evidence . . . documented one single reference to back complaints, in January 2010, but the claimant's primary complaints at that time were of a toothache and an abdominal virus. In fact, the reports from his treating source did not describe allegations or symptoms related to high blood pressure or seizures, and noted back and hip complaints only by history.

(R. 28).

Accordingly, substantial evidence supports the ALJ's finding that Jones had not sought or received medical care for his back pain.[6]

Jones also argues that the ALJ failed to consider whether poverty, rather than lack of

---

[6]In a 2009 opinion adjudicating a previous claim by Jones, an ALJ noted that Jones had a series of back injuries in 2007 and 2008 that did not last for 12 consecutive months. (R. 85). In this case, the ALJ considered those medical records and the prior decision. (R. 25). Jones does not contend that the pre-2009 medical records undermine the opinion of the ALJ in this case or that those records support his current complaints of continuing back pain.

14

medical necessity, was the reason for his failure to seek treatment and the lack objective medical medical evidence supporting many of his subjective pain allegations.  In evaluating the credibility of a claimant's subjective complaints of pain, one factor the ALJ may consider is the frequency and level of medical treatment sought by the claimant.  20 CFR § 404.1529(c)(3); *Brown v. Comm'r of Soc. Sec.*, 425 Fed. Appx. 813, 817 (11th Cir. 2011); *Watson v. Heckler*, 738 F.2d 1169, 1173 (11th Cir. 1984).  However, "[t]o a poor person, a medicine [or medical treatment] that he cannot afford to buy does not exist." *Dawkins v. Bowen*, 848 F.2d 1211,1213 (11th Cir. 1988) (quoting *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987)).  Therefore, "the ALJ may not draw an adverse inference from a claimant's lack of medical treatment without first considering the claimant's explanation for his failure to seek treatment." *Brown*, 425 Fed. Appx. at 817 (citing SSR 96-7p, 1996 WL 374186 at *7).

The ALJ was not required to uncritically *accept* Jones's allegation that his lack of treatment was due to poverty, only to consider the allegation and to articulate the reasons for her conclusions based on substantial evidence. *See id*.  It is clear from the ALJ's opinion that she did specifically consider whether poverty was the reason for Jones's failure to seek treatment and the lack objective medical evidence supporting many of his subjective allegations. The ALJ acknowledged and did not dispute Jones's allegation of poverty; rather the ALJ noted that poverty did not prevent Jones from attempting to obtain medical care for other medical issues, and, thus, the ALJ concluded that many of Jones's subjective

complaints were inconsistent with his attempts to obtain treatment for some things and not others.  Further, in discounting Jones's subjective testimony, the ALJ did not rely solely or primarily on lack of medical treatment; she also explained that his subjective complaints were inconsistent with the objective medical evidence that *did* exist, as well as with his self-reported daily activities.   *Cf. Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (holding failure to consider claimant's ability to pay is not reversible error where the ALJ's decision was primarily was based on factors other than the claimant's failure to obtain medical treatment).

Accordingly, the ALJ applied the correct legal standards in discrediting Jones's subjective complaint of pain, and her decision is supported by substantial evidence.

## V. Conclusion

For the reasons as stated, the court concludes that the decision of the Commissioner denying benefits to Jones should be affirmed.  *See Landry v. Heckler*, 782 F.2d 1551, 1551-52 (11th Cir. 1986) ("Because the factual findings made by the [ALJ] . . . are supported by substantial evidence in the record and because these findings do not entitle [the claimant] to disability benefits under the appropriate legal standard, we affirm.").

The Court will enter a separate final judgment.

Done this 15th day of December, 2014.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

16